IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK D. SALVADORI,** | ) |
| | ) |
| **Plaintiff** | ) |
| v. | ) Civil No. 14-1352 |
| | ) |
| **TODD JONES, individually and** | ) |
| **trading and doing business as** | ) |
| **T.J.'S TRUCKING,** | ) |
| | ) |
| **Defendant.** | ) |

## **MEMORANDUM OPINION and ORDER on DEFENDANT'S MOTION TO COMPEL**

Presently before the Court is Defendant's Motion to Compel (ECF No. 21), and Plaintiff's Response in Opposition thereto (ECF No. 22). For the reasons that follow we will deny Defendant's motion.

### *Background*

In Interrogatories served on December 30, 2014, Defendant sought information related to Plaintiff's claims for loss of earnings. Plaintiff responded to Defendant's Interrogatories on March 12, 2015, indicating that Plaintiff seeks annual lost earnings of approximately $92,281.80. In support of Plaintiff's claim, he produced his Federal Income Tax Returns for the years 2009 through 2013. Plaintiff also produced earning statements from the employer he worked for when the accident at issue occurred, Farmers Propane, which indicate that he was making between $19.00 and $21.00 per hour for regular time, and $31.50 for overtime.

Plaintiff's tax returns indicate earnings as follows: $44,000 in 2009; $61,000 in 2010; $2,000 in 2011; $19,000 in 2012; and $5,000 in 2013. Plaintiff explains the discrepancy between his claim for lost earnings being so much higher than what he has historically earned as

follows. First, he indicates that he suffered a work-related accident in August 2010, which negatively impacted his income in 2010, 2011, and 2012. In addition, he states that he did not work at all from January to August 2012, and that he suffered the accident at issue in this case in February 2013. He further explains that his claim for lost earnings is based on his regular and overtime hourly wage he earned at Farmers Propane, considering a work week of 65 to 70 hours (presumably the number of hours he would work when healthy).

In addition, during his deposition Plaintiff testified about how the accident has affected his mobility and travel. He testified that he has difficulty walking more than ten feet or a block, although sometimes he says he could walk a block from his home, turn around and walk the block back home. Salvadori Dep., 10/16/2015, at 118-119. He testified that the longest distance he has walked since the accident is one-half to three-quarters of a mile. Salvadori Dep.119. He further testified that he used to go on weekend trips but he no longer takes those trips anymore because, "whenever I get to my destination, I just want to try and lay in bed[,] so what's the sense in doing it?" Salvadori Dep.139.

### *Motion to Compel*

In a Second Set of Interrogatories and Requests for Production of Documents served on July 24, 2015, Defendant sought Plaintiff's bank records and credit card accounts along with authorizations to retrieve related documents. Plaintiff has objected to this request and refused to produce the information and provide the requested authorizations. Accordingly, Defendant seeks an Order compelling Plaintiff to provide complete responses to the interrogatories and to sign and produce the requested authorizations.

Defendant argues that because Plaintiff's tax returns and work history do not support Plaintiff's claim for lost earnings, the bank and credit card records are relevant and admissible to

the extent they can confirm or deny the claim. Similarly, with regard to Plaintiff's claims of diminished mobility and travel, Defendant argues that the bank and credit card records are relevant and admissible to the extent they can confirm or deny the claims.

## *Discussion*

As stated, Plaintiff submits that Defendant already has the necessary information regarding Plaintiff's claim for lost earnings. Namely, Defendant has Plaintiff's tax returns from 2009 through 2013, as well as Plaintiff's earnings statements from the job he had when the accident occurred.

We agree that Plaintiff's claim for lost earnings and the documentation to support the claim are clear and that Plaintiff's bank records and credit card statements are not relevant. Plaintiff sets forth an argument to support his claim, and his argument does not rely on any information that might be found in his bank or credit card records, nor does it appear to rely on wages he earned but did not report to the Internal Revenue Service. Plaintiff implicitly admits that his claim for lost earnings seems implausibly high when compared solely to the raw numbers on his tax returns, but he has offered an explanation as to why his wages in the past are lower than his present claim, and he justifies the claim for lost earnings based on documentation of his earnings. It will be up to both sides to argue what weight a factfinder should give to Plaintiff's claim for lost wages. However, we fail to see what additional information would be found from Plaintiff's bank or credit card statements to "confirm" or "deny" his claim of $92,281.80 in lost earnings. Accordingly, we will deny Defendant's motion to compel as to Plaintiff's claim of lost earnings.

With regard to Plaintiff's claim that he suffers from diminished mobility and has travel limitations, Defendant fails to allege a single specific relevant piece of information that would be found in bank or credit records that would "confirm" or "deny" Plaintiff's allegations that his mobility is diminished. We can speculate that perhaps a credit card expenditure (for example, for a treadmill or a mountain climbing expedition) might be circumstantial evidence that Plaintiff is not as limited as he testified. However, Defendant does not suggest anything like that is occurring and thus to allow discovery of these records would amount to nothing more than a fishing expedition. We note in passing that Plaintiff's medical records would offer more relevant information as to his mobility than financial records.

As to Plaintiff's travel, Defendant is seeking the records in search of evidence that Plaintiff has actually travelled. We agree with Plaintiff that Defendant had the opportunity to question Plaintiff about any post-accident travel he may have taken. Defendant did ask Plaintiff if he had traveled after a prior, unrelated accident, but that question was the last line of the deposition page submitted as Exhibit B, and we do not see Plaintiff's answer. Salvadori Dep. 139. Nonetheless, it demonstrates that counsel for Defendant was following a line of questioning regarding Plaintiff's travels.

Furthermore, Defendant's characterization of Plaintiff's testimony is not entirely accurate. Defendant claims that Plaintiff testified "that he can no longer travel." D. Mot Compel ¶ 11. In fact, he testified that he used to take weekend trips and go on picnics but he "can't" do it anymore because he cannot enjoy it. Salvadori Dep.139. His testimony indicates that he is capable of traveling ("whenever I get to my destination") but once he gets there he is essentially confined to his bed so he no longer sees a point in making the trip. Salvadori Dep. 139. This leaves open the possibility that he has traveled since his accident. Again, the opportunity to ask

4

a follow-up question was available to counsel at the deposition. Therefore, we will deny Defendant's motion to compel bank and credit card records with respect to Plaintiff's claim of diminished mobility and travel.

Discovery in this matter is set to end on February 1, 2016. Because Defendant will invariably ask Plaintiff at trial whether he has undertaken any travel after his accident, we will permit Defendant, in its discretion, to submit an Interrogatory to Plaintiff limited to whether he has undertaken any travel since the accident at issue in this case occurred, as well as any questions related to any actual travel. Defendant's Interrogatory, if any, is to be served on Plaintiff no later than January 19, 2016. Plaintiff's response to the Interrogatory shall be due to Defendant no later than January 27, 2016. We emphasize that our purpose in allowing this additional interrogatory is to promote the "just, speedy, and inexpensive" determination of this action with the hope that it would reduce surprise at trial or eliminate a possible avenue of questioning at trial. Fed. R. Civ. P. 1.

### *Conclusion*

Because Defendants do not offer any convincing or sufficient argument in support of their motion and because Plaintiff's arguments objecting to same are well-founded, Defendant's motion to compel is DENIED. However, we will permit Defendant an opportunity to serve an Interrogatory as described above.

Jan. 12, 2016
Date

Maurice B Cohill Jr.
Maurice B. Cohill, Jr.
Senior United States District Court Judge

5